ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You have asked for my opinion as to whether the Municipal Employment Relations Act, secs. 111.70-111.77, Stats., supersedes the County Civil Service Law, secs. 63.01-63.17, Stats. You explain that the cause for your request is a dispute between the county and labor organizations as to whether certain items established by the County Civil Service Law are nevertheless subject to collective bargaining by force of the Municipal Employment Relations Act.
By sec. 7 of ch. 124, Laws of 1971, the legislature created what is now sec. 111.70 (4) (b), Stats., which provides:
 "Whenever a dispute arises between a municipal employer and a union of its employes concerning the duty to bargain on any subject, the dispute shall be resolved by the commission on petition for a declaratory ruling. The decision of the commission shall be issued within 15 days of submission and shall have the effect of an order issued under s. 111.07. . . ."
An order under sec. 111.07, Stats., is subject to judicial review. See sec. 111.07 (8), Stats.
The Attorney General has a duty to advise district attorneys in all matters "pertaining to the duties of their office." Sec.165.25 (3), Stats. The Attorney General's duty to a corporation counsel is the same as to a district attorney in respect to giving legal advice. See sec. 59.07 (44), Stats.
I respectfully decline to render an opinion on the question you pose for the following reasons:
First, the Attorney General's duty toward corporation counsels is a general duty relating to all matters pertaining to the duty of their office. Section 111.70 (4) (b), Stats., is a more specific statute relating to the single issue as to what items are subject to the duty to bargain.
Second, sec. 111.70 (4) (b), Stats., is mandatory. Such disputes "shall" be resolved by the commission. Compare the declaratory *Page 592 
judgment procedure under sec. 227.06 (1), Stats., wherein the agency "may" render a declaratory judgment.
Third, by sec. 111.70 (4) (b), Stats., the legislature seeks three objectives: (a) that all interested parties in question have an opportunity to be heard through the declaratory judgment procedure; (b) that the dispute be "resolved;" and (c) that the disputants be entitled to prompt judicial review. An Attorney General's opinion fulfills none of these objectives. It is exparte with no right in the affected parties to be heard; it does not "resolve" the dispute in the same way as does an order of the commission; and affected parties are not entitled to direct judicial review of an Attorney General's opinion.
It is my opinion, therefore, that to be consistent with legislative intent concerning disputes as to what is subject to collective bargaining I must decline to render an opinion in this matter.
VAM:CDH